Sukhvinder KAUR, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 03–40307–ag.

United States Court of Appeals, Second Circuit.

Aug. 7, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Gell & Gell, New York, NY, for Petitioner.

Matthew G. Whitaker, United States Attorney, Gary L. Hayward, Assistant United States Attorney, Des Moines, IA, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Sukhvinder Kaur, through counsel, petitions for review of the June 2003 BIA decision denying her motion to reopen and reconsider its March 2003 decision affirming Immigration Judge ("IJ") Helen Sichel's denial of her application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001). In her motion, Kaur argued that the BIA failed to consider her membership in a pro-Khalistani Sikh family when evaluating the IJ's determination regarding past persecution. Kaur claimed that she was targeted by the Hindu government of India on account of her husband's alleged affiliation with Sikh separatist groups. The IJ found that Kaur failed to establish past persecution on account of one of the five protected grounds. The BIA affirmed, noting that the record did not indicate that Kaur suffered harm on account of an imputed political opinion or any other protected ground.

This Court presumes that the agency takes into consideration all evidence presented to it, *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159 n. 13 (2d Cir. 2006), and there is no indication that the BIA failed to consider her claim that she was persecuted on account of her membership in a politically-active Sikh family. The BIA thus did not abuse its discretion in denying the motion to reconsider.

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001). In order to warrant reopening, the new evidence must materially affect the outcome of the case. *See* 8 C.F.R. § 1003.2(c)(1). In denying her applications for relief, the agency determined that Kaur failed to establish past persecution or a reasonable possibility of future persecution on account of a protected ground.

■ In support of her motion to reopen, Kaur alleged that country conditions in India have changed due to the election of the Congress Party in the Punjab. While the materials submitted by Kaur reflect a change in the prominent party in the Punjab region of India, they do not indicate that the treatment of the Sikh ethnic group has changed significantly. Rather, they merely document a continuation of the tension between Sikhs and other political parties that was occurring in India at the time of her initial application, albeit under the watch of a different political party. The BIA did not abuse its discretion in finding that Kaur failed to establish changed country conditions that would materially affect the outcome of her claim.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).